UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-94-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUSTIN BRANDON ELLINGTON, | ) | |
| Defendant. | ) | |

The Defendant, Dustin Brandon Ellington ("Ellington"), has filed a motion [DE-40] requesting copies of the transcripts of his plea hearing and sentencing hearing at the government's expense. Ellington plead guilty to one count of conspiracy to possess with the intent to distribute 280 or more grams of cocaine base (crack), in violation of 18 U.S.C. §§ 841(a)(1), 846. Ellington asserts that he is indigent and therefore entitled to copies of both transcripts at government expense and pursuant to 28 U.S.C. § 753(f) and 18 U.S.C. § 3006A. Ellington requests these transcripts in preparation for a section 2255 collateral attack on his conviction. Ellington did not appeal his conviction.

Section 753(f) of Title 28, United States Code, governs the issue of transcript requests by indigent criminal defendants. Section 753(f) provides that the United States shall pay the fee for a transcript request where the requesting party is permitted to bring an action under section 2255 *in forma pauperis* and "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). Additionally, the United States Supreme Court has held:

> We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a . . . free transcript which it offered in the first instance . . . . The basic question is one of adequacy of respondent's access to procedures for review of his conviction . . . and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented. . . .
> . . . .
> . . . Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's [constitutional rights], the court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-26 (1976).

The *MacCollum* case establishes that indigent defendants do not have a constitutional right to a free transcript that will assist in a section 2255 collateral attack on their conviction. In light of *MacCollum*, the Fourth Circuit requires indigent defendants to show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). However, if the defendant has personal knowledge of the facts that provide the basis for the collateral attack, the court should deny the transcript request. *United States v. Shoaf*, 341 F.2d 832, 833-35 (4th Cir 1964). A free transcript is not available to defendants who wish to "comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Here, Ellington seeks a transcript on three grounds: (1) "[he] may be entitled to relief for irregularities arising from the Plea or the sentencing"; (2) "there may have been a basis for an

2

appeal and that a Notice of Appeal should have been filed" or (3) "[he] may be entitled to relief arising out of the holding of the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (2011) because North Carolina prior Convictions previously thought to be felonies have been determined not to be so." The first two grounds do not show a "particularized need" for the transcript, *see Morin*, 522 F.2d at 9, or that the "transcript is needed to decide the issue presented by the suit or appeal," *see* 28 U.S.C. § 753(f). Ellington does not identify any specific facts supporting his assertions that an irregularity arose in the Plea agreement or the sentencing, or that there may have been a basis for an appeal.

As to the third ground, Ellington asserts that his previous convictions should not have been counted as felonies for purposes of sentencing. Ellingonton's previous convictions are within his personal knowledge, and the transcript cannot help Ellington determine whether those convictions should count as felonies under the *Simmons* case.

Nothing in this order prevents Ellington from filing a formal section 2255 collateral attack on his conviction. If his section 2255 application survives preliminary screening, the court may allow discovery, including requests for transcripts. Rules Governing Section 2255 Proceedings, Rules 4-6.

Because Ellington has failed to show the required "particularized need" for a copy of his transcripts, his motion [DE-40] seeking a copy of the transcripts is DENIED without prejudice. The Clerk of Court is DIRECTED, however, to forward to Ellington at the return address listed in his letter a copy of a section 2255 application.

SO ORDERED.

This 2?? day of September, 2012.

                                                      _James C. Fox_

                                                  JAMES C. FOX

                                                  Senior United States District Judge